# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors.* | Chapter 11<br><br>Bankr. Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>BAP-14-024 |
| CSC TRUST COMPANY OF<br>DELAWARE, as INDENTURE TRUSTEE,<br><br>*Appellant,*<br>v.<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Appellees.* | Case No. |

## AFFIDAVIT OF NORMAN L. PERNICK IN SUPPORT
## OF EMERGENCY MOTION OF CSC TRUST COMPANY OF DELAWARE
## FOR STAY PENDING APPEAL OF BANKRUPTCY COURT'S
## ORDER APPROVING FIRST LIEN SETTLEMENT

STATE OF DELAWARE   )
                    ) SS:
COUNTY OF NEW CASTLE )

NORMAN L. PERNICK, being duly sworn, deposes and says:

1. All facts set forth herein are based on my personal knowledge.

2. I am an attorney at law, duly admitted and in good standing to practice in the State of Delaware and before this Court, and I am a member of the law firm Cole,

Schotz, Meisel, Forman & Leonard P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 ("Cole Schotz").

3. Cole Schotz, Ropes & Gray LLP, and Drinker Biddle & Reath LLP are counsel to CSC Trust Company of Delaware as Indenture Trustee ("CSC Trust" or the "Indenture Trustee") for the 10% Senior Secured Notes Due 2020 issued by Energy Future Intermediate Holdings LLC and EFIH Finance Inc. (collectively, the "EFIH Debtors"), in the bankruptcy case of Energy Future Holdings Corp. et al., currently pending in the United States Bankruptcy Court for the District Court of Delaware (the "Bankruptcy Court") as Case No. 14-10979.

4. Pursuant to Federal Rule of Bankruptcy 8011(d), I submit this Affidavit in support of *CSC Trust Company of Delaware's Emergency Motion for Stay Pending Appeal of Order Approving EFIH First Lien Settlement* (the "Stay Motion") filed contemporaneously herewith.

5. The Bankruptcy Court held a hearing on June 6, 2014 on the Indenture Trustee's objection to the *Motion of Energy Future Holdings Corp., et al., for Entry of Orders Approving Certain EFIH Settlements and the Oncor TSA Amendment* [Docket No. 472] (the "First Lien Settlement Motion" and the related settlement, the "First Lien Settlement"). The Bankruptcy Court denied the Indenture Trustee's objection (*Objection of CSC Trust Company of Delaware, as Indenture Trustee, to the EFIH Debtors' Motion to Approve the "First Lien Settlement"* [Docket No. 694]) and approved the EFIH First Lien Settlement in the *Order Approving EFIH First Lien Settlement* [Docket No. 858] (the "Order").

6. At the hearing, the Bankruptcy Court reduced the automatic 14-day stay of its Order pursuant to Bankruptcy Rule 6004(h) making the Order approving the settlement effective as of Thursday, June 12, 2014 at 12:01 a.m.—the day that the EFIH Debtors plan to close on the First Lien Settlement. The Bankruptcy Court denied the Indenture Trustee's motion for a stay pending appeal. [06/06/14 Hrg. Tr. at 264: 7-10].

7. Absent the issuance of a stay pending the adjudication of the appeal, the EFIH Debtors have advised that they will execute the First Lien Settlement on June 12, 2014. The emergency relief requested is required to stay the closing of the First Lien Settlement. Consequently, the Indenture Trustee respectfully requests this Court grant the relief under the Stay Motion by midnight on Wednesday, June 11, 2014.

8. During the June 6, 2014 hearing, my co-counsel D. Ross Martin, of Ropes and Gray LLP, put the Bankruptcy Court and opposing counsel for the EFIH Debtors on notice of the Indenture Trustee's intention to file the Stay Motion with this Court. [06/06/14 Hrg. Tr. at 263:21-23].

9. In addition, prior to filing the Stay Motion, Mr. Martin also advised counsel for the EFIH Debtors via email that the Indenture Trustee was filing a Notice of Appeal and the Stay Motion on June 9, 2014.

10. I have reviewed and I am familiar with the Stay Motion. I believe that the bases for the Indenture Trustee's request that the Order be stayed pending appeal are accurately set forth in the Stay Motion.

11. As set forth above, the Bankruptcy Court rejected the Indenture Trustee's request to stay effectiveness of the Order pending appeal. Counsel for the Indenture

3

Trustee addressed the stay at the hearing before the bankruptcy court and remand of the Stay Motion is not warranted.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 9th day of June, 2014.

Respectfully submitted,

_____
Norman L. Pernick (DE Bar No. 2290)
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117
npernick@coleschotz.com

Sworn to before me this
9th day of June, 2014

_____
Notary Public
Pauline Z. Ratkowiak
Notary Public State of Delaware
My Commission Expires 1/06/2015

4

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2014, I caused the foregoing Affidavit to be electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to all parties who are participants in CM/ECF in accordance with D. Del. L.R. 5.2. I further certify I caused a copy of the Affidavit to be served on the following counsel in the manner indicated:

**VIA HAND DELIVERY**
**AND ELECTRONIC MAIL:**

Mark D. Collins, Esquire
Daniel J. DeFranceschi, Esquire
Jason M. Madron, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

**VIA FEDERAL EXPRESS**
**AND ELECTRONIC MAIL:**

Richard M. Cieri Esquire
Edward O. Sassower, P.C., Esquire
Stephen E. Hessler, Esquire
Brian E Schartz, Esquire
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022-4611

James H.M. Sprayregen, P.C., Esquire
Chad J. Husnick, Esquire
Steven N. Serajeddini, Esquire
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

By: COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Norman L. Pernick, Esquire
500 Delaware Avenue
Suite 1410
Wilmington, DE 19801
Telephone: 302.652.3131
Facsimile: 302.652.3117