IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |
| CSC TRUST COMPANY OF DELAWARE,<br>as INDENTURE TRUSTEE,<br><br>*Appellant*,<br>v.<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>*Appellees*. | Case No. 14-cv-00723-UNA |

**JOINDER OF EFIH FIRST LIEN DIP AGENT TO THE DEBTORS' MEMORANDUM IN OPPOSITION TO CSC TRUST COMPANY'S EMERGENCY MOTION TO STAY THE ORDER APPROVING THE EFIH FIRST LIEN SETTLEMENT PENDING APPEAL**

Deutsche Bank AG New York Branch, as administrative agent (the "EFIH First Lien DIP Agent") under Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.'s (together, the "EFIH Debtors") debtor-in-possession financing facility (the "EFIH First Lien DIP Facility") hereby joins the *Debtors' Memorandum in Opposition to CSC Trust Company's Emergency Motion to Stay the Order Approving the EFIH First Lien Settlement Pending Appeal* [Dist. D.I. 5] (the "Appellees' Stay Opposition").[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Appellees' Stay Opposition.

# JOINDER

1. The EFIH First Lien Agent hereby joins the Appellees' Stay Opposition to the *Emergency Motion of CSC Trust Company of Delaware for Stay Pending Appeal of Bankruptcy Court's Order Approving First Lien Settlement* (the "Appellant Motion for Stay") [Dist. D.I. 2] filed by appellant, CSC Trust Company of Delaware (the "Appellant"), with respect to the *Order Approving First Lien Settlement* [Bankr. D.I. 858] (the "EFIH First Lien Settlement Order"). In joining the Appellees' Stay Opposition, the EFIH First Lien Agent would like to highlight the following to the Court.

## I. The Commitment to Provide the EFIH First Lien DIP Facility is Not Indefinite

2. The commitment letter with respect to the EFIH First Lien DIP Facility (the "Commitment Letter")[2] provides that the commitments thereunder will expire five business days after entry of the final order approving the EFIH First Lien DIP Facility or this Friday, June 13, 2014 (the "Closing Condition Date"). Hr'g Tr. at 262; 3-11; Commitment Letter at p. 12.[3] Once the commitment period expires, the Commitment Parties will be under no obligation to extend financing to the EFIH Debtors. *Id.* Such facts are well documented in the record, and render entirely false the Appellant's assertion that "the supposed expiration date of June 12, 2014, for closing the settlement, which EFIH successfully invoked to shorten the stay pending appeal, is

---

[2] The Commitment Letter is attached hereto as **Exhibit A** for the Court's convenience and as Exhibit D to the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (B) Scheduling a Final Hearing; and (II) a Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay [Bankr. D.I. 74].

[3] It is possible that the Commitment Parties (as defined in the Commitment Letter) may extend the Closing Condition Date for a brief period of time to accommodate closing issues unrelated to this appeal. It presently is anticipated that such an extension would last no longer than five business days.

entirely contrived." Appellant Motion for Stay at p. 17.

3. As the foregoing makes clear, the Appellant's insinuation that there currently is a 110 day period under which the commitments could continue to run while an appeal is pending,[4] likewise is misleading, at best. Now that the EFIH First Lien Final DIP Order has been entered, the August 16, 2014 outside date for closing of the EFIH First Lien DIP Facility that was referenced by the Appellant simply is no longer relevant. If the EFIH First Lien DIP Facility should fail to close prior to the Closing Condition Date, the commitments could be terminated immediately without waiting until August 16, 2014.

## II. Closing of the EFIH First Lien DIP Facility is Dependent Upon the Effectiveness of the EFIH First Lien Settlement Order

4. The closing and funding of the EFIH First Lien DIP Facility is expressly conditioned upon the entry and effectiveness of the EFIH First Lien Settlement Order and the EFIH First Lien Settlement Order not having been stayed (the "Settlement Order Condition"). Hr'g Tr. at 262; 3-11.[5] In the event that the Settlement Order Condition is not satisfied prior to the Closing Condition Date, the Commitment Parties would be permitted to terminate their commitments. Commitment Letter at p. 12.

---

[4] Appellant, in its argument on why a stay pending appeal would not cause harm to any party, states that the Commitment Letter "expires August 16, 2014, 110 days after the [C]ommitment [L]etter" Appellant Motion for Stay at p. 18.

[5] The Final Order (A) Approving Postpetition Financing for Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Approving the Use of Cash Collateral by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (D) Authorizing the EFIH First Lien Repayment, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Orders, and (F) Modifying the Automatic Stay [Bankr. D.I. 859] (the "EFIH First Lien Final DIP Order") provides that "the EFIH First Lien DIP Financing is expressly conditioned upon the entry and effectiveness of the First Lien Settlement Order and the First Lien Settlement Order not having been stayed." EFIH First Lien Final DIP Order at Note 6.

### III. A Stay Pending Appeal Would Severely Jeopardize the EFIH Debtors' Ability to Access the EFIH First Lien DIP Facility

5. The Bankruptcy Court was aware of the issues relating to the interplay between the Closing Condition Date and the Settlement Order Condition both when it reached its decision to enter the EFIH First Lien Settlement Order and when it initially denied the Appellant's request for a stay pending appeal. Hr'g Tr. at 262; 3-11. The same interplay currently exists. A stay pending appeal, therefore, would severely jeopardize the EFIH Debtors' ability to access the EFIH First Lien DIP Facility.

6. Accordingly, and for the reasons set forth in Appellees' Stay Opposition, the EFIH First Lien DIP Agent respectfully submits that the Court should deny the Appellant Motion for Stay.

WHEREFORE, the EFIH First Lien DIP Agent respectfully requests that the Court (a) deny the Appellant Motion for Stay and (b) grant such other and further relief as is just and proper.

Dated: June 11, 2014

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Laurie Selber Silverstein (DE Bar No. 2396)
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

-and-

**SHEARMAN & STERLING LLP**
Fredric Sosnick
Ned S. Schodek
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Email: fsosnick@shearman.com
ned.schodek@shearman.com

*Attorneys for the EFIH First Lien DIP Agent*