IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| ENERGY FUTURE HOLDINGS CORP., ) | |
| et al., ) | Bankr. Case No. 14-10979 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| ) | |
| CSC TRUST COMPANY OF ) | |
| DELAWARE, as INDENTURE TRUSTEE, ) | |
| ) | |
| Appellant, ) | |
| ) | C.A. No. 14-723-UNA |
| v. ) | |
| ) | |
| ENERGY FUTURE HOLDINGS CORP., ) | |
| et al., ) | |
| ) | |
| Appellees. ) | |
| ) | |

## ORDER

WHEREAS presently before the court are the Emergency Motion of CSC Trust Company of Delaware ("the Trustee") for Stay Pending Appeal of Bankruptcy Court's Order Approving First Lien Settlement, (D.I. 2), Energy Future Holdings Corp., et al.'s ("the Debtors") Memorandum in Opposition to CSC Trust Company's Emergency Motion, (D.I. 5), and the Trustee's Reply, (D.I. 6);

WHEREAS the Trustee requests that the court extend a five-day stay that the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") granted on June 6, 2014. (D.I. 2 at 2.) The Bankruptcy Court granted the stay after entering an order approving a $1.8 billion settlement that the Debtors offered to all holders of the Debtors' First Lien Notes. (D.I. 2

at 2-4). Prior to approving the settlement, the Bankruptcy Court afforded the Trustee a full hearing on its objections to the settlement. (D.I. 5, Ex. B);

WHEREAS a stay is an extraordinary remedy and should be granted only if a movant proves four elements by clear and satisfactory evidence: (1) that it is likely to succeed on the merits of its appeal; (2) that it will suffer irreparable injury if the stay is not granted; (3) that the stay will not substantially injure other parties in the proceedings; and (4) that the stay is in the public interest. *See, e.g., Rep. of Philippines v. Westinghouse Elec. Corp.*, 249 F.2d 653, 658 (3d Cir. 1991);

WHEREAS the court concludes that the Trustee has not demonstrated that it will suffer irreparable harm if the stay is not granted.[1] The Trustee argues that "the irreparable injury is to its right to a process under which all similarly situated class members are treated equally[.]" (D.I. 6 at 4.) The Trustee has not, however, adduced evidence or made arguments sufficient to justify overruling the Bankruptcy Court's finding that the settlement is non-discriminatory and "a reasonable exercise of the debtors' business judgment." (D.I. 5, Ex. B 259:17-25.) In addition, the Trustee argues that a second way in which it will be irreparably harmed is that if it fails to obtain a stay, then the Debtors will claim that the Trustee's appeal is moot. (D.I. 2 at 14.) This ground does not constitute irreparable harm, however, because "[i]t is well settled that an appeal being rendered moot does not itself constitute irreparable harm." *In re Trans World Airlines, Inc.*, No. 01-0056 (PJW), 2001 Bankr. LEXIS 723, at *28 (Bankr. D. Del. Mar. 27, 2001), *aff'd* 322 F.3d 238 (3d Cir. 2003);

---

[1] Although the Trustee's inability to establish irreparable harm is sufficient basis to deny the Trustee's motion, the court also finds convincing the Debtors' allegation that granting a stay beyond the period set by the Bankruptcy Court will cause them substantial injury by putting the financing for the settlement at risk of unraveling. (D.I. 5 at 9-11.)

IT IS HEREBY ORDERED that the Emergency Motion of CSC Trust Company of Delaware ("the Trustee") for Stay Pending Appeal of Bankruptcy Court's Order Approving First Lien Settlement, (D.I. 2), is DENIED.

Dated: June 12, 2014

_____
CHIEF, UNITED STATES DISTRICT COURT