IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | Bankruptcy Case No. 14-10979 (CSS) |
| et al., | : | |
| Debtor. | : | |
| | : | |
| CSC TRUST COMPANY OF | : | |
| DELAWARE, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 14-723-RGA |
| | : | |
| ENERGY FUTURE HOLDING CORP., | : | |
| et al., | : | |
| | : | |
| Appellee. | : | |

## ORDER DENYING CERTIFICATION

Upon consideration of the motion for certification (D.I. 15) and the debtors' opposition (D.I. 16), the Court will not certify the case for direct appeal.

The Court notes that CSC Trust argues that the case meets each and every separate basis for a direct appeal. This leads to CSC arguing that the appeal "involves a question of law *requiring* resolution of conflicting decisions," 28 U.S.C. § 158(d)(2)(A)(ii) (emphasis added), while at the same time stating that under either of the conflicting decisions CSC wins. *See* D.I. 15 at p.9. That is, CSC states the conflict does not need to be resolved. CSC rebuts its own argument. CSC's other arguments are not as obviously baseless as this one, but they suffer by being in its company.

In any event, I am unpersuaded there are any grounds on which to certify a direct appeal.

The motion (D.I. 15) is therefore **DENIED**. IT IS SO ORDERED this 14th day of July 2014.

United States District Judge